IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. DNCW3:11CR77-001 |
| | ) | (Financial Litigation Unit) |
| MICHAEL KLINGSPORN, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GRIFFIN HOME HEALTH CARE INC., | ) | |
| Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

**THIS MATTER** is before the Court on the Answer of Griffin Home Health Care Inc. as Garnishee. On October 18, 2011 the Honorable Max O. Cogburn, Jr. sentenced Defendant to five years probation with an additional four months of house arrest and electronic monitoring for his conviction of Fraud and Related Activity in Connection with Computers - Knowingly Causing Damage to a Protected Computer Used in Interstate and Foreign Commerce and Communication in violation of 18 U.S.C. §§ 1030(a)(5)(A)(I), 1030(a)(5)(B)(I), and 1030(c)(4)(A). Judgment in the criminal case was filed on November 3, 2011 (Docket No.18). As part of that Judgment, Defendant was ordered to pay an assessment of $100 and restitution of $117,981.00 to the victim of the crime. *Id*.

On February 13, 2012, the Court entered a Writ of Continuing Garnishment ("Writ") (Docket No. 31) to Garnishee, Griffin Home Health Care Inc. ("Garnishee"). The United States is entitled to a wage garnishment of up to 25% of net income and has satisfied the prerequisites set forth in 15 U.S.C. § 1673. Defendant and Garnishee were individually served with the Writ on February 15, 2012. Garnishee filed an Answer on February 24, 2012 (Docket No. 34) stating that at the time of

the service of the Writ, Garnishee had in their custody, control or possession property or funds owned by Defendant, including non-exempt disposable earnings.

IT IS THEREFORE ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $111,675.41 computed through February 9, 2012. Garnishee will pay the United States 25% of Defendant's net earnings which remain after all deductions required by law have been withheld, and 100% of all 1099 payments, and Garnishee will continue said payments until the debt to the Plaintiff is paid in full, or until Garnishee no longer has custody, possession or control of any property belonging to Defendant, or until further Order of this Court.

Payments should be made payable to the United States Clerk of Court and mailed to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, NC 28202. In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW3:11CR77-001.

Plaintiff will submit this debt to the Treasury for inclusion in the Treasury Offset Program. Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

Signed: April 6, 2012

David C. Keesler
United States Magistrate Judge